UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CELIA C. ROY NORMAN,

Plaintiff,                                                          Case No. 09-13153

v.                                                                          Hon. Victoria A. Roberts

CHRISTIANSEN VON WORMER
and CHRISTIANSEN VON WORMER,
TRUSTEE OF THE CELIA C. ROY TRUST,

Defendants.
_____

**ORDER SUA SPONTE DISMISSING APPLICATION FOR INJUNCTIVE
RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65**

**I.      INTRODUCTION**

This matter is before the Court on Plaintiff's Application for Injunctive Relief Pursuant to Federal Rule of Civil Procedure 65. For the reasons below, the Court *sua sponte* **DISMISSES** the Application.

**II.     BACKGROUND**

Plaintiff Celia C. Roy Norman filed this Application contemporaneous with a Complaint against Defendant Christiansen Von Wormer, individually and as trustee of the Celia C. Roy Trust; the Complaint alleges Breach of Fiduciary Duty, Breach of Duty of Loyalty, and Negligent Management and seeks an accounting and injunctive relief. Plaintiff contends that Von Wormer, her son, refused to honor her requests for estate documents and an accounting, and stopped paying her current husband, John Norman, $2,000.00 per month to assist with her living expenses. As a result, Plaintiff revoked her Power of Attorney ("POA") to Von Wormer on July 24, 2008.

Plaintiff says Von Wormer refuses to acknowledge the revocation and continues to use POA. Plaintiff asks the Court to enjoin Defendant, and any agent or representative, from: (1) using the revoked POA; (2) acting as trustee of the Celia Roy Trust, except for accounting for past activities; (3) interfering with Plaintiff's ability to manage her own finances; and (4) interfering with Plaintiff's decisions to modify her existing estate plan.

### III.   STANDARD OF REVIEW

In deciding whether to grant a preliminary injunction, a trial court must consider:

> (1) whether the movant has a strong likelihood of success on the merits;
>
> (2) whether the movant would suffer irreparable injury without the injunction;
>
> (3) whether issuance of the injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by issuance of the injunction.

*Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). See also *United Food and Commercial Workers Union, Local 1099 v. Sw. Ohio Regional Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998). In seeking a preliminary injunction, a federal plaintiff has the burden of establishing the likelihood of success on the merits. *Tumblebus,* 399 F.3d at 760.

Upon review of Plaintiff's Application, the Court finds that it does not address any of the above factors. Additionally, Plaintiff's Application was not accompanied by a brief, as required by E.D. Mich. L.R. 7.1(c)(1)(A).

## IV. CONCLUSION

The Court *sua sponte* **DISMISSES** Plaintiff's Application for Injunctive Relief Pursuant to Federal Rule of Civil Procedure 65.

**IT IS ORDERED**.

                                                         s/Victoria A. Roberts
                                                         Victoria A. Roberts
                                                         United States District Judge

Dated: August 18, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 18, 2009.
>
> s/Linda Vertriest
> Deputy Clerk